**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| MANGO ELEVEN, LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: 5:24-cv-1477-XR |
| | § | |
| SULIMAN BHARWANI, | § | |
| DEREK W. GUILLORY, | § | |
| DEREK W. GUILLORY, M.D., P.A., and | § | |
| ROOT CAUSES MEDICINE, LLC | § | |
| | § | |
| *Defendants*. | § | |

**GUILLORY DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6)**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Derek W. Guillory, Derek W. Guillory, M.D., P.A., and Root Causes Medicine, LLC (collectively, "Guillory Defendants"), by and through undersigned counsel, respectfully move this Court to dismiss Plaintiff Mango Eleven, LLC's *Original Complaint* (the "Complaint") for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In support of this Motion, Guillory Defendants submit the following:

**I. INTRODUCTION**

Plaintiff's Complaint alleges civil conspiracy, conversion, unjust enrichment, and breach of fiduciary duty, but fails to adequately plead the required elements for these claims.  Further, the Complaint raises issues

regarding jurisdiction and venue, as Plaintiff fails to properly allege complete diversity among the parties.  Accordingly, dismissal is warranted.

## II. LEGAL STANDARD

Under Rule 12(b)(6), a complaint must be dismissed if it fails to state a claim upon which relief can be granted.  To survive a motion to dismiss, a plaintiff must plead sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully; it demands factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

A dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.  *Rio v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir.2006), cert. denied, 549 U.S. 825, 127 S. Ct. 181, 166 L.Ed.2d 43 (2006).  However, even if the complaint addresses each element of the cause of action asserted, that is not sufficient for the complaint to survive a motion to dismiss.  In *Ashcroft v. Iqbal*, the Supreme Court held "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'  *Id.*, at 557, 127 S.Ct. 1955."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ARGUMENT

## A. Jurisdictional Deficiencies

### 1. Failure to Establish Diversity Jurisdiction

Plaintiff alleges jurisdiction under 28 U.S.C. § 1332(a)(1), which requires complete diversity of citizenship between the parties.  However, Plaintiff fails to allege the citizenship of each member of Mango Eleven, LLC, as required to establish diversity for limited liability companies.  See *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Without these allegations, Plaintiff has not met its burden to establish subject matter jurisdiction, warranting dismissal.

### 2. Improper Venue Allegations

While Plaintiff asserts that venue is proper under 28 U.S.C. § 1391(b)(2) and (b)(3), the Complaint fails to allege specific facts demonstrating that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Merely asserting venue without factual support does not meet the pleading standard required under *Twombly* and *Iqbal*.

## B. Failure to State a Claim for Civil Conspiracy

Plaintiff's civil conspiracy claim fails because it does not adequately plead the elements of an underlying tort.  Under Texas law, civil conspiracy requires: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result.  *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983).

The Complaint vaguely alleges fraud but does not plead fraud with particularity as required by Rule 9(b).  Specifically, it fails to identify the "who, what, when, where, and how" of the alleged fraudulent acts.  See *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 206 (5th Cir. 2009).  In order to avoid dismissal for failure to state a claim, however, 'a plaintiff must plead specific facts, not mere conclusory allegations . . . .' [The court can] not accept as true conclusory allegations or unwarranted deductions of fact.  *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (quoting *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992)).  Without a properly pled underlying tort, the civil conspiracy claim cannot survive.

## C. Failure to State a Claim for Conversion

Conversion requires proof that the plaintiff owned or had legal possession of the property or entitlement to possession thereof and the defendant unlawfully and without authorization assumed and exercised control over the property to the exclusion of or inconsistent with the plaintiff's rights.  *Tifford v. Tandem Energy Corp.*, 562 F.3d 699, 705 (5th Cir. 2009); *Stroud Prod., L.L.C. v. Hosford*, 405 S.W.3d 794, 811 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

While the Complaint alleges that funds were transferred from Mango Eleven's bank account, it fails to sufficiently establish Plaintiff's immediate right to possession of those funds or adequately allege an unlawful act by Guillory Defendants.  Mere allegations that Guillory Defendants "knew" the transfer was unauthorized are conclusory and insufficient under *Twombly*.

## D. Failure to State a Claim for Unjust Enrichment

Unjust enrichment is not an independent cause of action under Texas law but rather a quasi-contractual theory of recovery.  See *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.).  The Complaint does not allege the absence of an adequate legal remedy, a prerequisite for an unjust enrichment claim.  Thus, this claim should be dismissed.

## E. No Claim for Breach of Fiduciary Duty Against the Guillory Defendants

The Complaint asserts a claim for breach of fiduciary duty against Defendant Bharwani only.  This claim is not alleged against the Guillory Defendants.  Therefore, no response to this claim is necessary for purposes of this motion.

## IV. PRAYER

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety under Rule 12(b)(6) and grant any further relief the Court deems just and proper.

Date: January 30, 2025

Respectfully submitted,
 */s/ Tommy Swate*
Tommy Swate
TBN: 19557705
403 Wild Plum St.
Houston, Texas 77013
swatemd@aol.com
713-377-4860
Adam Crawshaw, TBN: 24073017
321 S. Flores St.
San Antonio, Texas 78204
**Attorneys for Guillory Defendants**

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 30th day of January 2025, a true and correct copy of the foregoing *Guillory Defendants' Motion to Dismiss Pursuant to Rule 12(b)(6)* was served electronically upon counsel of record for all parties in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

*/s/ Tommy Swate*
Tommy Swate